STATE OF NORTH CAROLINA v. TIMOTHY ALLAN ALSTON

No. 9225SC989

(Filed 3 August 1993)

1. **Narcotics, Controlled Substances, and Paraphernalia § 120 (NCI4th)— sale of controlled substance on school property— sufficiency of evidence**

In a prosecution of defendant for felonious sale of crack cocaine on or within the legal boundaries of school property, evidence was sufficient to show that the drug sale took place within 300 feet of a middle school boundary in violation of N.C.G.S. § 90-95(e)(8).

**Am Jur 2d, Drugs, Narcotics, and Poisons § 47.**

2. **Criminal Law § 400 (NCI4th)— trial interrupted to introduce district attorney—no expression of opinion by court**

The trial judge's interruption of the trial to introduce the district attorney to the jury and the colloquy between the judge and the district attorney did not constitute an expression of opinion on any fact to be proved in the case and therefore did not constitute a violation of N.C.G.S. § 15A-1222.

**Am Jur 2d, Trial § 94.**

3. **Narcotics, Controlled Substances, and Paraphernalia § 207 (NCI4th)— one sale of cocaine—conviction for sale and sale on school property—error**

Defendant could not be convicted of sale of cocaine and sale of cocaine on school property, since there was only one sale made, and the sale on school property constituted an aggravated sale pursuant to N.C.G.S. § 90-95(e)(8).

**Am Jur 2d, Drugs, Narcotics, and Poisons §§ 48 et seq.**

Appeal by defendant from judgments entered 10 April 1992 in Caldwell County Superior Court by Judge Zoro J. Guice, Jr. Heard in the Court of Appeals 6 July 1993.

On 14 October 1991, defendant was indicted on one count of felonious possession of a controlled substance in violation of G.S. § 90-95(a)(3), one count of felonious possession of a controlled substance with intent to sell or deliver in violation of G.S. § 90-95(a)(1), felonious sale or delivery of a controlled substance in violation of G.S. § 90-95(a)(1), and felonious sale of a controlled substance on or within the legal boundaries of school property in violation of G.S. § 90-95(e)(8). At trial, the State presented evidence which tended to show the following:

On 7 June 1991, State Bureau of Investigations (SBI) Special Agent Kelli Carleton was conducting an undercover narcotics investigation for the City of Lenoir. On that particular morning, Agent Carleton, along with Detective Sergeant Eddie Taylor and Lieutenant D.A. Brown of the Lenoir Police Department, had set up their undercover investigation at the Morning Star Baptist Church in order to target the Finley Avenue area of Lenoir. At approximately 2:00 p.m., Agent Carleton and a confidential informant were driving down Finley Avenue for the purpose of making undercover purchases of crack cocaine. While heading slowly down Finley Avenue

toward Highway 321 and Morning Star Baptist Church, the agent and informant were approached by a black male. He had been standing by a cement wall on a sidewalk with several other males when he waved to Agent Carleton and the informant to stop.

When Agent Carleton and the informant stopped the car, the man, Agent Carleton later identified as the defendant, got into the back seat of the car. The informant was driving the car at the time and Agent Carleton sat in the passenger seat. After the defendant got in the car, he asked what Agent Carleton wanted. Agent Carleton then turned around in her seat to face the defendant and replied that she was looking for a "$40.00 piece, a $40.00 rock," which are commonly accepted terms referring to crack cocaine.

While Agent Carleton spoke with the defendant, the informant continued driving the car without Agent Carleton instructing him where to go. The informant stopped the car to make a turn at the intersection of Finley Avenue and Arlington Street. This intersection was located one street away from the entrance to the William Lenoir Middle School. At the time of the drug sale, Agent Carleton and the informant were approximately 100 feet from the brick middle school sign at the entrance of the school.

After Agent Carleton indicated the amount of cocaine she wanted, the defendant took a Tylenol bottle, unscrewed the lid, shook out a piece of rock identified as crack cocaine into his hand, and handed it to Agent Carleton. Agent Carleton gave the defendant $40.00 and the defendant left the car.

Immediately after the transaction, Agent Carleton took notes about the undercover purchase and the defendant's description. She was able to independently identify the defendant in court as the person from whom she purchased the drugs, and she also identified him at the Lenoir Police Department on 21 November 1991. Agent Carleton further testified that she noticed the person from whom she purchased the cocaine had a "bad" left eye. She relayed this information immediately after the drug purchase to Detective Taylor, although she had not included this descriptive feature in her notes.

The defendant testified that he had been convicted of two DWI's, careless and reckless driving, and two assault charges. He also testified that he had a drinking problem, but he denied ever consuming any controlled substances. He also testified that he knew

STATE v. ALSTON

[111 N.C. App. 416 (1993)]

the location of the middle ·school in relation to the location of the area where he often "hung out." He further testified that he could have been in the vicinity of Finley Avenue and Arlington Street on 7 June 1991, during the time the State alleges he was selling cocaine to Agent Carleton but denied having sold any cocaine to Agent Carleton on that day. Defendant has a noticeably drooping eye lid; however, he testified that an acquaintance of his, who often "hung out" in the area, had the same drooping eye lid.

At some point during the trial, the court paused to recognize the District Attorney of the Twenty-Fifth District, Mr. Robert Thomas, and introduced him to the jury.

The jury found the defendant guilty on all four counts. The trial court then arrested judgment for felony possession of cocaine. Defendant's remaining three convictions were consolidated for purposes of judgment. After finding one aggravating factor and no mitigating factors, the trial court sentenced the defendant to an active prison term of thirty years, a sentence in excess of the cumulative presumptive sentence for the three convictions. Defendant appeals.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Valerie L. Bateman, for the State.*

*Beach, Correll and Beach, P.A., by J. Michael Correll, for defendant-appellant.*

WELLS, Judge.

We note initially that defendant sets forth five generalized assignments of error for our review, taking issue with the trial court's rulings on its admission of evidence, its comments, acts and statements, its rulings on defendant's motions, its determination of defendant's sentence, and the overall conduct of the proceedings, which defendant asserts, violated his constitutional rights.

By his first assignment of error, defendant lists six subarguments, excepting to certain of the trial court's findings and admissions of evidence. Defendant cites no authority for his first, second, fourth and fifth arguments; therefore, they are deemed abandoned. N.C.R. App. P. 28(a).

[1] Defendant's sixth argument challenges the sufficiency of certain evidence locating the boundaries of the school property in

relation to the place the State alleges defendant sold the drugs to Agent Carleton. Specifically, defendant argues that because there was only verbal evidence in the form of testimony from Earl Bradshaw and no maps or plats were introduced to locate the distance of the school from the drug sale, such evidence was nothing more than conjecture and was insufficient to prove an essential element of a crime. We disagree.

Defendant's argument goes to the weight of the evidence admitted. While it is true that evidence which merely raises a suspicion or conjecture as to an element of an offense warrants dismissal, such is not the case here. *State v. Powell*, 299 N.C. 95, 261 S.E.2d 114 (1980). Here, Mr. Bradshaw testified that he had worked for the Caldwell County Board of Education for approximately 23 years and that, as a part of his job, he was required to be familiar with the property owned by the school system. Mr. Bradshaw clearly testified as to the location of the school and about the experience upon which his knowledge was based. His testimony was also corroborated by the testimony of Agent Carleton, who used a diagram to specifically illustrate that the drug sale occurred 100 feet from the school boundary. We hold that there was plenary evidence that the drug sale, for which defendant was charged, took place within 300 feet of the school boundary in violation of G.S. § 90-95(e)(8). Defendant's contention is without merit.

[2] Although he couches his third sub-argument in terms of error based upon the erroneous admission of evidence, defendant is more precisely challenging the trial court's conduct in interrupting the trial to introduce District Attorney Thomas to the jury. Defendant contends that the trial court's remarks deprived defendant of a fair trial in violation of G.S. § 15A-1222. We disagree.

During the course of the trial, the district attorney apparently entered the courtroom. Judge Guice interrupted the trial, and the following exchange took place:

THE COURT: Pardon me. Mr. Thomas, you need to come down you may do so. We'll be glad to—ladies and gentlemen, the District Attorney for the District, Mr. Thomas.

MR. THOMAS: Just wanted to see how it was going.

THE COURT: We're working.

MR. THOMAS: I can see that. Thank you, Your Honor.

THE COURT: Yes, sir.

MR. JENNINGS: Judge, tell him I need a pay raise while you're here.

THE COURT: He just went out the door. A little bit late for that.

G.S. § 15A-1222 prohibits a judge from expressing "during any stage of the trial, any opinion in the presence of the jury on any question of fact to be decided by the jury." Not every improper comment by a judge, however, warrants a new trial. *State v. King*, 311 N.C. 603, 320 S.E.2d 1 (1984). The defendant must prove he was prejudiced by the trial judge's remarks in order to show a violation of G.S. § 15A-1222 and reversible error. *Id.*

In this case, the colloquy between the trial judge and the district attorney did not constitute an expression of opinion on any fact to be proved in the case and therefore did not constitute a violation of G.S. § 15A-1222. Our appellate courts have repeatedly stated, however, that every criminal defendant is entitled to a trial before an impartial court. *See, e.g. State v. Staley*, 292 N.C. 160, 232 S.E.2d 680 (1977). While we view Judge Guice's conduct as showing some degree of partiality toward the State's attorney, and therefore may have arguably conveyed to the jury a degree of partiality towards the State's case, in light of the strong evidence of defendant's guilt, we cannot agree that Judge Guice's arguably inappropriate conduct was sufficiently prejudicial to require a new trial. This assignment is overruled.

After carefully reviewing defendant's remaining assignments of error, we find them to be without merit and therefore do not address them.

[3] Although not raised by defendant, we have discovered an error which appears on the face of the record. Defendant was charged in separate indictments for the sale of cocaine on school property (91CRS7640); felonious possession of cocaine (91CRS7641, Count I); possession of cocaine with intent to sell and deliver (91CRS7641, Count II); and sale of cocaine (91CRS7641, Count III). The trial court submitted separate verdicts for sale of cocaine and sale of cocaine within 300 feet of school property. This was error. The sale on school property constituted an aggravated sale pursuant to G.S. § 90-95(e)(8). Since that was the only sale made, defendant could be punished for but one sale. Accordingly, the conviction for the sale of cocaine appearing in the judgment is arrested.

No error in the trial.

Judgment arrested in 91CRS7641 for sale of cocaine.

Judges ORR and McCRODDEN concur.