STATE OF NORTH CAROLINA
v.
MICHAEL VERNON MIZELLE.
No. COA07-970
Court of Appeals of North Carolina.
Filed April 1, 2008
This case not for publication
Attorney General Roy Cooper, by Associate Attorney General Phillip T. Reynolds, for the State.
William D. Spence for Defendant-Appellant.
McGEE, Judge.
Defendant appeals from judgments entered after a jury convicted him of two counts of felonious possession with intent to sell or deliver a controlled substance on or near a playground, and of two counts of felonious sale or delivery of a controlled substance on or near a playground. Defendant raises two issues on appeal: (1) that the trial court erred in denying his motion to dismiss all charges for insufficient evidence; and (2) that the trial court erred in failing to instruct the jury on the lesser-included offense for each charge. We find no error.
Detective Jonathan Kuhn (Detective Kuhn) and Officer Jerry Davis (Officer Davis), of the Washington Police Department, testified at trial regarding two separate drug transactions on 2 July 2004 and 17 July 2004. On both occasions, police used the same confidential informant to make undercover drug purchases in a neighborhood known for drug transactions. Detective Kuhn and Officer Davis used the same procedures on each date: they searched the informant's car to ensure it was free of drugs and money; they equipped the informant's car with audio and video surveillance; and they gave the informant five dollars and told him to drive around the area of Ninth and Seventh Streets to try to purchase marijuana. Detective Kuhn and Officer Davis followed the informant from a distance and maintained audio contact as he described where he was going.
On 2 July 2004, the informant reported over the audio feed that he was approaching a couple of men on the corner of Ninth and Gladden Streets. The informant purchased a bag of marijuana from Defendant for five dollars. On 17 July 2004, the informant reported that he was approaching the intersection of Ninth and Gladden Streets, and that he saw the same person from whom he had purchased drugs on 2 July 2004. The informant threw the money out the window of the car and Defendant threw a bag of marijuana into the informant's car. Each transaction was captured on videotape, and immediately after each transaction, Detective Kuhn and Officer Davis reviewed the tape and recognized Defendant, with whom they were already familiar. The videotapes were admitted into evidence and played for the jury. The informant's testimony regarding the two transactions corroborated the testimony of Detective Kuhn, and the informant identified Defendant in court as the man who sold him the marijuana on both occasions.
The State also presented evidence that a playground was located near the corner of Ninth and Gladden Streets where the transactions occurred. Detective Kuhn testified that the corner of Ninth and Gladden Streets is near the Washington Housing Authority (the Housing Authority) playground. He described the playground's equipment and noted that he had seen children playing there "all the time." Detective Kuhn explained how he measured the distance from the corner where the drug transactions occurred to the playground by using a "roll-a-tape", which uses a wheel to measure a distance as it is rolled along the ground. The distance measured was 177 feet.
Claude Hodges (Mr. Hodges), director of housing management for the Housing Authority, testified that the playground on Ninth and Gladden Streets is owned by the Housing Authority. When asked if the playground was limited so far as who could use it, Mr. Hodges testified, "[n]o, sir." He described the playground as having slides, monkey bars, and a platform, and stated that he had seen children playing there often.
Defendant did not present evidence at trial. At the close of the State's evidence, Defendant moved to dismiss all charges for insufficient evidence. The trial court denied the motion. When discussing the jury charge, Defendant requested that the trial court include an instruction on the lesser-included offense for each charge, each of which would exclude the element that the offense occurred within 300 feet of a playground. The trial court denied the request and did not instruct the jury on the lesser-included offenses. With regard to the transaction on 2 July 2004, the jury returned guilty verdicts on possession with intent to sell or deliver a controlled substance on or near a playground and on sale or delivery of a controlled substance on or near a playground. With regard to the transaction on 17 July 2004, the jury returned guilty verdicts on the same two charges. The trial court sentenced Defendant to two consecutive terms of forty-six to sixty-five months in prison.
Defendant argues the State failed to present sufficient evidence of the essential element of each charge that the transactions occurred on or near a playground. Defendant argues the trial court erred in denying his motion to dismiss all the charges because: (1) evidence was presented that the park was fenced in and owned by the local housing authority and thus was not a "public" playground as defined in N.C. Gen. Stat. § 90-95(e)(10); and (2) Detective Kuhn's testimony regarding the distance between where the transactions occurred and the playground, which was based on his own measurement, was improper "non-expert conjecture." We disagree with Defendant's characterization of the evidence presented.
When ruling on a motion to dismiss, the trial court must consider
all of the evidence, whether competent or incompetent, . . . in the light most favorable to the state, and the state is entitled to every reasonable inference therefrom. Contradictions and discrepancies are for the jury to resolve and do not warrant dismissal. In considering a motion to dismiss, it is the duty of the [trial] court to ascertain whether there is substantial evidence of each essential element of the offense charged. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.
State v. Smith, 300 N.C. 71, 78-79, 265 S.E.2d 164, 169 (1980) (citations omitted).
At the time of the offense, certain drug offenses committed on or within 300 feet of a playground in a public park constituted class E felonies. N.C. Gen. Stat. § 90-95(e)(10) (2005). "Playground" for purposes of this section is defined as "any outdoor facility . . . intended for recreation open to the public, and with any portion thereof containing three or more separate apparatuses intended for the recreation of children." Id.
In this case, Mr. Hodges' testimony indicated that the park is open to anyone, even though it is owned by the Housing Authority. Both Detective Kuhn and Officer Davis testified that the transactions between the informant and Defendant occurred on the corner of Ninth and Gladden Streets. Detective Kuhn's testimony regarding his measurement using a "roll-a-tape" to determine the distance to the playground was properly admitted; similar testimony has been upheld previously by this Court. State v. Alston, 111 N.C. App. 416, 420, 432 S.E.2d 385, 387 (1993). No evidence was presented to contradict this testimony. We find that the State presented sufficient evidence that the transactions between the informant and Defendant took place within 300 feet of a public playground, and hold that the trial court did not err by denying Defendant's motion to dismiss. Defendant's assignments of error are overruled.
Defendant also assigns as error the trial court's refusal to charge the jury with the lesser-included offenses of possession with intent to sell or deliver a controlled substance and sale and delivery of a controlled substance. These lesser-included offenses differ from the offenses with which Defendant was charged in that they do not include the element that the offenses were committed on or within 300 feet of a public playground. Defendant contends that because the informant testified that he "thought" the transactions took place on Ninth and Gladden Streets, evidence of the element that the transactions occurred near a playground was equivocal. Thus, the trial court should have instructed the jury on the lesser-included offenses.
"[A] lesser offense should not be submitted to the jury if the evidence is sufficient to support a finding of all the elements of the greater offense, and there is no evidence to support a finding of the lesser offense." State v. Nelson, 341 N.C. 695, 697, 462 S.E.2d 225, 226 (1995). Also, the trial court does not commit error by refusing to instruct on a lesser-included offense "[w]here the State's evidence is clear and positive as to each element of the offense charged and there is no evidence showing the commission of a lesser included offense[.]" State v. Peacock, 313 N.C. 554, 558, 330 S.E.2d 190, 193 (1985).
In this case, Defendant's argument that the informant's testimony was ambiguous is inapposite. The informant testified that the transaction on 2 July 2004 took place "on Ninth and Gladden, I think. Yeah." Moreover, there is no evidence in the record that the transaction took place elsewhere. As stated above, the State presented sufficient evidence of each element of the offenses charged, including the element that the offenses occurred within 300 feet of a public playground. Since the evidence presented was clear and positive as to that element, and there is no evidence that the transactions took place elsewhere, the trial court did not err in refusing to instruct the jury on the lesser-included offenses. Therefore Defendant's argument fails and his assignments of error on this issue are overruled.
No error.
Judges STROUD and ARROWOOD concur.
Report per Rule 30(e).