THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOVAN SHERROD, Defendant-Appellant.

First District (3rd Division)   No. 1—07—0989

Opinion filed October 7, 2009.

Michael J. Pelletier, Patricia Unsinn, and Patrick F. Cassidy, all of State Appellate Defender's Office, of Chicago, for appellant.

Anita M. Alvarez, State's Attorney, of Chicago (James E. Fitzgerald, Peter Fischer, and Heather Fahrenkrog, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE MURPHY delivered the opinion of the court:
After a jury trial, defendant, Jovan Sherrod, was convicted of possession of a controlled substance with intent to deliver and criminal

trespass to a vehicle and sentenced to seven years' imprisonment. On appeal, defendant argues that (1) he was not proven guilty beyond a reasonable doubt of possession of a controlled substance with intent to deliver; (2) the State's closing argument denied him a fair trial; (3) the trial court improperly deferred ruling on his motion *in limine* seeking to bar the State from introducing evidence of his prior convictions; (4) his sentence violated the proscription against double enhancement; (5) he is entitled to a credit against the $2,000 controlled substance assessment; and (6) the mittimus incorrectly reflects the name of the offense of which he was convicted. For the following reasons, we reduce his conviction for possession of a controlled substance with intent to deliver and remand the case for resentencing.

## I. BACKGROUND

At trial, Hoathitruc Vo testified that on April 21, 2006, she heard a sound coming from her car, so she pulled over. While she was outside inspecting her car, someone jumped in her car and sped away with it.

Officer Jeffrey Zwit testified that on May 7, 2006, he stopped a white 2006 Toyota Camry that turned right on a red light. The car did not have a license plate, and defendant, who was driving, could not produce a driver's license. Zwit ran the vehicle identification number and discovered that the car was stolen.

Defendant was arrested, and at the police station, Officer Anthony Babicz performed a custodial search. In defendant's pants pockets, Babicz recovered $35 and a clear plastic bag containing 17 knotted clear baggies, which each contained very small, white, rock-like substances. Zwit did not see defendant try to sell these drugs to anyone, nor did defendant have extra baggies or a scale. Testing revealed that the 17 baggies contained a total of 1.8 grams of cocaine.

The jury found defendant guilty of possession of a controlled substance with intent to deliver and criminal trespass to a vehicle.

At defendant's sentencing hearing, the State argued that defendant was subject to mandatory Class X sentencing because of two prior convictions. The trial court sentenced defendant to seven years' imprisonment. Although the court did not specify at the hearing that defendant was being sentenced as a Class X offender, the sentencing order indicates that he was sentenced as a Class X offender. This appeal followed.

## II. ANALYSIS

### A. Sufficiency of the Evidence

Defendant argues that this court should reduce his conviction to possession of a controlled substance because the evidence was insuf-

ficient to prove that he intended to deliver the cocaine that was in his possession. When a court considers a challenge to a criminal conviction based on the sufficiency of the evidence, its function is not to retry the defendant. *People v. Milka*, 211 Ill. 2d 150, 178 (2004). Rather, the relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *People v. Woods*, 214 Ill. 2d 455, 470 (2005). A court of review will not overturn the fact finder's verdict unless "the proof is so improbable or unsatisfactory that there exists a reasonable doubt of the defendant's guilt." *People v. Maggette*, 195 Ill. 2d 336, 353 (2001).

The elements of unlawful possession of a controlled substance with intent to deliver are: (1) the defendant had knowledge of the presence of the controlled substance, (2) the drugs were in the immediate possession or control of the defendant, and (3) the defendant intended to sell the drugs. 720 ILCS 570/401 (West 2006); *People v. Robinson*, 167 Ill. 2d 397, 407 (1995). "Because direct evidence of intent to deliver is rare, such intent must usually be proven by circumstantial evidence." *Robinson*, 167 Ill. 2d at 408. Factors considered by Illinois courts as probative of intent to deliver include whether the quantity of controlled substance in the defendant's possession is too large to be viewed as being for personal consumption; the high purity of the drug confiscated; the possession of weapons; the possession of large amounts of cash; the possession of police scanners, beepers, or cellular telephones; the possession of drug paraphernalia; and the manner in which the substance is packaged. *Robinson*, 167 Ill. 2d at 408.

In *Robinson*, our supreme court noted that "the quantity of controlled substance alone can be sufficient to prove an intent to deliver beyond a reasonable doubt." *Robinson*, 167 Ill. 2d at 410-11. However, that is the case "only where the amount of controlled substance could not reasonably be viewed as designed for personal consumption." *Robinson*, 167 Ill. 2d at 411. Further, as the quantity of controlled substance on the defendant's person decreases, the need for additional circumstantial evidence of intent to deliver increases. *Robinson*, 167 Ill. 2d at 413. "[W]hen a defendant is charged with possession of a controlled substance, *in appropriate circumstances*, packaging alone" might also be sufficient evidence of intent to deliver. (Emphasis in original.) *Robinson*, 167 Ill. 2d at 414. This court has also noted that when only a small quantity of drugs is found, the "minimum evidence" required to establish the intent to deliver is that "the drugs were packaged for sale, and at least one additional factor tending to show intent to deliver." *People v. Blakney*, 375 Ill. App. 3d 554, 559

(2007), citing *People v. Beverly*, 278 Ill. App. 3d 794, 802 (1996). See also *People v. Ballard*, 346 Ill. App. 3d 532 (2004). There is, however, "no hard and fast rule to be applied in every case." *Robinson*, 167 Ill. 2d at 414.

The State argues that the packaging of the controlled substance, alone, is sufficient evidence of defendant's intent to deliver because defendant possessed 17 individual baggies containing a total of 1.8 grams of cocaine. We disagree that these are the "appropriate circumstances" that our supreme court contemplated in *Robinson*.

■ Here, no other factors tend to show intent to deliver. No testimony was presented indicating that 1.8 grams of cocaine "could not reasonably be viewed as designed for personal consumption." *Robinson*, 167 Ill. 2d at 411. This is unlike cases where police officers testified as experts as to the packaging, cost, and typical personal usage of controlled substances. See *People v. White*, 221 Ill. 2d 1, 17-18 (2006), *abrogated on other grounds, People v. Luedemann*, 222 Ill. 2d 530 (2006); *Ballard*, 346 Ill. App. 3d at 535; *Beverly*, 278 Ill. App. 3d at 796; *People v. Williams*, 358 Ill. App. 3d 1098, 1103 (2005); *People v. Jones*, 215 Ill. App. 3d 652, 654 (1991). In fact, in *Robinson*, the supreme court found that 2.2 grams of PCP and 2.8 grams of cocaine, by themselves, were indicative of personal use. *Robinson*, 167 Ill. 2d at 413. *People v. Little*, 322 Ill. App. 3d 607, 615 (2001), found that 1.5 grams of cocaine "can reasonably be viewed as being for personal consumption," and in *White*, the State conceded that 1.8 grams of cocaine packaged in 12 baggies could be consistent with personal use. *White*, 221 Ill. 2d at 17.

No evidence was presented as to other factors indicative of intent to deliver. Defendant had only $35 in cash at the time of his arrest, less than half the amount that the defendant in *White* possessed. *White*, 221 Ill. 2d at 7. There was also no evidence as to the purity of the drug confiscated, and defendant did not possess weapons, police scanners, beepers, cellular telephones, or drug-trafficking paraphernalia.

The State argues that the lack of evidence that defendant possessed paraphernalia for personal use supports the conclusion that the cocaine could not reasonably be viewed as being for personal consumption. In *White*, the court noted that while the defendant was not carrying a pager, weapon, scale, cutting agent, or police scanner, "he was also not carrying any paraphernalia associated with personal use of the cocaine." *White*, 221 Ill. 2d at 20. It is not clear, however, whether the court considered the lack of drug-using paraphernalia as evidence of intent to deliver or as simply demonstrating that the lack of drug-trafficking paraphernalia was not especially probative in that case.

Furthermore, in *Williams*, *Beverly*, and *People v. Morgan*, 301 Ill. App. 3d 1026 (1998), which seemingly relied in part on the lack of evidence of drug paraphernalia associated with personal use (*Williams*, 358 Ill. App. 3d at 1103; *Beverly*, 278 Ill. App. 3d at 802; *Morgan*, 301 Ill. App. 3d at 1030), there was additional evidence of intent to deliver.

To be sure, the *Robinson* factors are only examples of the "many different factors that have been considered by Illinois courts as probative of intent to deliver." *Robinson*, 167 Ill. 2d at 408. In *People v. Bush*, 214 Ill. 2d 318 (2005), the police observed the defendant twice exchange a small object retrieved from a small paper bag for money. She then returned to her post, standing alone behind a wrought iron fence. The defendant was arrested with two $10 bills in her pocket, and the paper bag was found to contain a plastic bag, which had less than .1 gram of cocaine. The defendant was convicted of possession of a controlled substance with intent to deliver. On appeal, the defendant argued that the State failed to prove that she intended to deliver the substance recovered from the paper bag. Our supreme court noted that "[d]efendant mistakenly believes that the list of factors identified in *Robinson* is both exhaustive and inflexible." *Bush*, 214 Ill. 2d at 327. The court found that other factors, "equally probative of intent to deliver," were present. *Bush*, 214 Ill. 2d at 328. For example, the defendant was standing alone behind a fence at 2 a.m. selling small items from a brown paper bag, resuming her post after both transactions, and the brown paper bag contained cocaine. *Bush*, 214 Ill. 2d at 328. "While defendant may not be the armed, cash-wielding, high-volume drug dealer contemplated in *Robinson*, the factors outlined above, taken together, are no less indicative of an intent to deliver a controlled substance." *Bush*, 214 Ill. 2d at 328.

Here, the officers did not observe defendant engage in any suspicious transactions (*People v. Harris*, 352 Ill. App. 3d 63, 65 (2004); *People v. Clark*, 349 Ill. App. 3d 701, 705 (2004); *Little*, 322 Ill. App. 3d at 616; *Morgan*, 301 Ill. App. 3d 1026 (defendant was talking to other people who dispersed when the police arrived)), nor was there evidence that defendant was in an area where drug sales were common (*White*, 221 Ill. 2d at 19-20; *Williams*, 358 Ill. App. 3d at 1102; *People v. Jones*, 215 Ill. App. 3d 652 (1991)). Officer Zwit specifically testified that he did not see defendant try to sell these drugs to anyone.

The cases that the State cites are easily distinguishable. While the defendant in *Morgan* was found to be in possession of 17 individually wrapped bags of cocaine totaling 1.7 grams, an officer testified that the manner in which it was packaged indicated that it was not for personal use. *Morgan*, 301 Ill. App. 3d at 1030. Furthermore, the defendant was talking to two other people, who immediately dispersed

when the police arrived, and a loaded handgun was found in the car he was standing next to. *Morgan*, 301 Ill. App. 3d at 1030. *Jones* is also distinguishable, where the defendant was in an area where drug sales were common and "acting in a suspicious manner" before he was arrested. *Jones*, 215 Ill. App. 3d at 653. In addition, the defendant, who had just returned from California and was arrested in Peoria, possessed 65 individual packets of cocaine totaling 19.5 grams and had $1,000 in his underwear. *Jones*, 215 Ill. App. 3d at 656. Expert testimony also established that the drugs were packaged for street sale rather than for personal consumption. *Jones*, 215 Ill. App. 3d at 656.

The evidence presented in those cases is absent here.

In *People v. DeLuna*, 334 Ill. App. 3d 1 (2002), we noted that cocaine packaged in "separate, considerably large taped bricks," alone, was sufficient to demonstrate intent to deliver. *DeLuna*, 334 Ill. App. 3d at 24-25. We can find no case where packaging alone of a small amount of an illegal substance demonstrated intent to deliver. There is no bright line. *Robinson*, 167 Ill. 2d at 414. Perhaps 100 individual baggies containing an illegal substance would be sufficient evidence to demonstrate intent to deliver. However, we find that defendant's possession of 17 baggies totaling 1.8 grams of cocaine, alone, was insufficient to sustain a conviction for possession with intent to deliver. See *Robinson*, 167 Ill. 2d at 417 (Heiple, J., dissenting). Therefore, pursuant to Supreme Court Rule 615(b)(3) (134 Ill. 2d R. 615(b)(3)), we reduce defendant's conviction to possession of a controlled substance. Consequently, we vacate defendant's sentence and remand the cause to the trial court for a new sentencing hearing.

## B. Defendant's Motion *in Limine*

■ Defendant next argues that the trial court erred when it deferred ruling on his motion *in limine* seeking to bar the State from introducing his prior convictions for purposes of impeachment. At trial, the court stated that it would "reserve ruling as to whether those convictions come in as impeachment depending on whether Mr. Sherrod testified and whether *** credibility becomes an issue, whether it's more probative." Defendant did not testify.

A trial court has discretion in granting a motion *in limine*, and a reviewing court will not reverse a trial court's order allowing or excluding evidence unless that discretion was clearly abused. *People v. Owen*, 299 Ill. App. 3d 818, 823 (1998). "An abuse of discretion will be found only where the trial court's ruling is arbitrary, fanciful, unreasonable, or where no reasonable person would take the view adopted by the trial court." *People v. Hall*, 195 Ill. 2d 1, 20 (2000).

In *People v. Patrick*, 233 Ill. 2d 62, 73 (2009), our supreme court acknowledged that, "in most cases, the trial judge will possess the information necessary to conduct a *Montgomery* hearing before trial." It concluded that "a trial court's failure to rule on a motion *in limine* on the admissibility of prior convictions when it has sufficient information to make a ruling constitutes an abuse of discretion." *Patrick*, 233 Ill. 2d at 73. In all but the most complicated cases, a judge will have enough information before trial to weigh the probative value of admitting the prior conviction against the danger of unfair prejudice to the defendant. *Patrick*, 233 Ill. 2d at 73. However, a motion *in limine* seeking to bar the use of prior convictions for impeachment is not preserved for review when a defendant chooses not to testify. *Patrick*, 233 Ill. 2d at 77-78. Since defendant did not testify, we find that his argument was not preserved for appellate review. *Patrick*, 233 Ill. 2d at 77-78.

Defendant argues that the holding in *Patrick* that a defendant must testify to preserve the constitutional error is "untenable" and is currently under consideration, as our supreme court recently granted leave to appeal in two similar cases. See *People v. Averett*, 381 Ill. App. 3d 1001, *appeal allowed*, 231 Ill. 2d 671 (2009); *People v. Tucker*, No. 1—06—2619 (May 12, 2008) (unpublished order under Supreme Court Rule 23), *appeal allowed*, 231 Ill. 2d 684 (2009). Despite defendant's argument, however, the doctrine of *stare decisis* requires this court to follow the supreme court's pronouncement in *Patrick*. *Filliung v. Adams*, 387 Ill. App. 3d 40, 51 (2008).

## C. Credit

■ Defendant argues, and the State concedes, that he is entitled to a credit of $5 per day toward the $2,000 controlled substance assessment imposed on him for the 330 days he spent in custody before sentencing. See *People v. Jones*, 223 Ill. 2d 569, 583-87 (2006); 725 ILCS 5/110—14 (West 2006) (for each day or part of a day spent in custody before sentencing, a defendant is entitled to a credit of $5 against fines imposed as a result of the conviction). We find that defendant is entitled to a credit of $1,650 toward the controlled substance assessment.

## III. CONCLUSION

We affirm defendant's conviction for criminal trespass to a vehicle, and we reduce his conviction for possession of a controlled substance with intent to deliver (720 ILCS 570/401(c)(2) (West 2006)) to possession of a controlled substance and remand for resentencing. In light of our conclusion, we need not address defendant's argument regarding

the State's closing argument, his sentence, or whether the mittimus correctly reflects the name of the offense of which he was convicted.

Affirmed in part and mittimus corrected; cause remanded.

STEELE and COLEMAN, JJ., concur.