BRYANT, Judge.
Where defendant was convicted and sentenced on the offense of sale/delivery of cocaine within 1,000 feet of a school and the lesser-included offense of sale/delivery of cocaine based on the same transaction, judgment as to the lesser-included offense must be arrested and the judgment remanded to the trial court for resentencing.
On 1 July 2013, defendant Fredrick Donnell Draughn was indicted on the following charges: in 13 CRS 51085, one count each of sell/deliver cocaine, possession with intent to sell and deliver cocaine, and maintaining a vehicle that was used to keep and sell controlled substances; in 13 CRS 51086, one count of felony possession of cocaine; in 13 CRS 51087, one count each of sell/deliver cocaine, possession with intent to sell and deliver cocaine, and felony possession of cocaine; in 13 CRS 51091, one count of felony possession of cocaine; and in 13 CRS 51094, one count of sale/delivery of cocaine within 1,000 feet of a school. The trial court granted the State's motion for joinder in part, ordering the charges in 13 CRS 51085-86 and 13 CRS 51094 to be heard together, with the remaining charges to be heard at a later date. The charges came on for trial during the 17 February 2014 criminal session of Edgecombe County Superior Court, the Honorable Quentin T. Sumner, Judge presiding. At trial, the State's evidence tended to show the following.
On 2 March 2012, the Edgecombe County Sheriff's Department utilized a paid confidential informant to purchase cocaine from defendant. Two detectives followed the informant to Big Jim's Food Mart, which was located 145.3 feet from North Edgecombe High School. The informant entered the store and returned with two baggies containing an off-white rock-like substance which the informant testified he purchased from defendant at the store. The off-white rock substance was subsequently identified as cocaine having a total weight of 0.34 grams.
On 18 February 2014, a jury convicted defendant of sale/delivery of cocaine, possession of cocaine, maintaining a vehicle/dwelling for the keeping or selling of controlled substances, and sale/delivery of cocaine within 1,000 feet of a school in cases 13 CRS 51085-86 and 51094[1] . Defendant pled guilty to two counts of felony possession of cocaine in cases 13 CRS 51087 and 51091. The trial court consolidated one count of sale/delivery of cocaine and maintaining a vehicle/dwelling in case number 13 CRS 51085, one count of felony possession of cocaine in case number 13 CRS 51087, and one count of felony possession of cocaine in case number 13 CRS 51091, and imposed an active sentence of 14-26 months. The trial court entered a separate judgment sentencing defendant to an active term of 29-47 months for sale/delivery of cocaine within 1,000 feet of a school in case number 13 CRS 51094. The trial court ordered the sentences to run consecutively. Defendant appeals.
___________________________________
On appeal, defendant raises two issues as to whether: (I) the trial court erred in entering judgment against defendant for the offenses of sale/delivery of cocaine within 1,000 feet of a school and sale/delivery of cocaine; or, in the alternative, that (II) defendant received ineffective assistance of counsel.
I.
Defendant argues that the trial court erred in entering judgment against defendant for the offenses of sale/delivery of cocaine within 1,000 feet of a school and sale/delivery of cocaine. Specifically, defendant contends the trial court erred by not arresting judgment on the conviction of sale or delivery of cocaine in 13 CRS 51085 because the entry of judgment on that conviction constituted a violation of defendant's right to be free from double jeopardy. Defendant submits that he could not be punished for both sale or delivery of cocaine within 1,000 feet of a school and its lesser-included offense of sale or delivery of cocaine based upon the same transaction. However, defendant acknowledges that his trial counsel failed to make a motion to arrest judgment, and he therefore asks this Court to suspend or vary the requirements of the appellate rules pursuant to Appellate Rule 2 for the purpose of considering his arguments.
Consistent with past precedents of this Court, we grant defendant's request to apply Appellate Rule 2 in order to prevent manifest injustice. In State v. Alston,111 N.C.App. 416, 421, 432 S.E.2d 385, 388 (1993), the defendant was convicted of two offenses, sale of cocaine on school property and sale of cocaine, based upon a single transaction. Holding the defendant could be punished only for one sale, this Court, ex mero motu,arrested judgment on the conviction of sale of cocaine. Id.More recently, this Court, in State v. Mulder,--- N.C.App. ----, ----, 755 S.E.2d 98, 102-04 (2014), applied Appellate Rule 2 in the absence of a motion to arrest judgment made at trial and held that the double jeopardy clauses of the United States and North Carolina constitutions barred the defendant's punishment for speeding, reckless driving, and felony speeding to elude arrest when the conviction of felony speeding to elude arrest was based upon speeding and reckless driving. The MulderCourt arrested judgment on the speeding and reckless driving convictions and remanded for resentencing. Id.at ----, 755 S.E.2d at 106.
"Double jeopardy bars additional punishment where the offenses have the same elements or when one offense is a lesser included offense of the other." State v. McAllister,138 N.C.App. 252, 255, 530 S.E.2d 859, 862 (2000) (citation omitted). A lesser-included offense is one which has all of its essential elements included in the greater offense. State v. Weaver,306 N.C. 629, 635, 295 S.E.2d 375, 378-79 (1982), overruled in part on other grounds by State v. Collins,334 N.C. 54, 61, 431 S.E.2d 188, 193 (1993). One is guilty of the Class H felony of sale or delivery of a Schedule I or II controlled substance in violation of N.C. Gen.Stat. § 90-95(a)(1) if one sells or delivers the controlled substance. N.C. Gen.Stat. § 90-95(a)(1), (b)(1) (2013). The offense is elevated to a Class E felony if it is committed within 1,000 feet of the boundary of real property used for an elementary or secondary school. Id.§ 9095(e)(8). As all of the essential elements of sale and delivery of cocaine are contained in the Class E felony of sale or delivery of a controlled substance within 1,000 feet of a school, it is a lesser-included offense of the Class E felony. As such, based on the evidence and judgments in the instant case, defendant could not be punished for both offenses arising out of a single act.
Defendant alternatively contends he was denied effective assistance of counsel because his trial counsel failed to move to arrest judgment on the conviction. As we are granting the relief defendant requests by arresting judgment on his conviction for sale/delivery of cocaine in 13 CRS 51085, we need not address defendant's second argument on appeal.
Accordingly, we arrest judgment on the conviction of sale or delivery of cocaine in case number 13 CRS 51085 and remand for resentencing.
ARRESTED IN PART AND REMANDED FOR RESENTENCING.
Judges DIETZ and TYSON concur.
Report per Rule 30(e).
Opinion
Appeal by defendant from judgments entered 18 February 2014 by Judge Quentin T. Sumner in Edgecombe County Superior Court. Heard in the Court of Appeals 1 June 2015.

The court arrested judgment on convictions by the jury of two counts of felony possession of cocaine in 13 CRS 51085-86.