# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *People v. Ortiz*, 2012 IL App (2d) 101261

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOSE L. ORTIZ, Defendant-Appellant. |
| District & No. | Second District<br>Docket No. 2-10-1261 |
| Filed | June 20, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Defendant's conviction for unlawful delivery of a controlled substance within 1,000 feet of a church was reversed on the ground the State failed to prove beyond a reasonable doubt that the offense occurred within 1,000 feet of a building "used primarily for religious worship on the date of the offense," since the officer who measured the distance did not testify when the measurement was conducted or when photographs of the building were taken, no one testified the photographs accurately represented the building as of the date of the offense and there was no testimony the church existed on the date of the offense. |
| Decision Under Review | Appeal from the Circuit Court of Kane County, No. 09-CF-2029; the Hon. Allen M. Anderson, Judge, presiding. |
| Judgment | Affirmed in part and reversed in part; cause remanded. |

Counsel on
Appeal

Thomas A. Lilien and Kim M. DeWitt, both of State Appellate
Defender's Office, of Elgin, for appellant.

Joseph H. McMahon, State's Attorney, of St. Charles (Lawrence M.
Bauer and Kristin M. Schwind, both of State's Attorneys Appellate
Prosecutor's Office, of counsel), for the People.

Panel

JUSTICE McLAREN delivered the judgment of the court, with opinion.

Presiding Justice Jorgensen and Justice Schostok concurred in the
judgment and opinion.

**OPINION**

¶ 1     Following a bench trial, defendant, Jose L. Ortiz, was found guilty of unlawful delivery
of a controlled substance within 1,000 feet of a church (720 ILCS 570/407(b)(1) (West
2008)), unlawful delivery of a controlled substance (720 ILCS 570/401(c)(2) (West 2008)),
and unlawful possession of a controlled substance (720 ILCS 570/402(c) (West 2008)). The
trial court sentenced defendant to six years in prison. Defendant timely appealed. Defendant
argues that the State did not prove beyond a reasonable doubt that there was a church within
1,000 feet of the site of the offense. Therefore, he asks that we reverse his conviction of
unlawful delivery of a controlled substance within 1,000 feet of a church and remand for
sentencing on his conviction of unlawful delivery of a controlled substance. For the reasons
that follow, we affirm in part, reverse in part, and remand.

¶ 2                                I. BACKGROUND

¶ 3     Defendant was charged with unlawful delivery of a controlled substance within 1,000
feet of a church (720 ILCS 570/407(b)(1) (West 2008)), unlawful delivery of a controlled
substance (720 ILCS 570/401(c)(2) (West 2008)), and unlawful possession of a controlled
substance (720 ILCS 570/402(c) (West 2008)).

¶ 4     The relevant evidence presented at defendant's bench trial established that, on January
7, 2009, Elgin police officer Miguel Pantoja, while working undercover, purchased a quarter-
ounce of cocaine from defendant. The transaction took place in Pantoja's vehicle at the
intersection of Bent and Liberty Streets in Elgin. Elgin police officer Craig Tucker had been
assigned to assist Pantoja with the investigation concerning defendant. Shortly after the
transaction had occurred, Tucker met with Pantoja, along with other officers involved in the
investigation, at the police station for a "debriefing." Pantoja gave the cocaine to Tucker,
who processed it for evidence. To protect Pantoja's identity, defendant was not arrested until
six months later.

¶ 5     Tucker was asked whether he had conducted any measurements with respect to the investigation. In response, Tucker testified that he measured the distance from the Emmanuel Baptist Church, located at 500 St. Charles Street in Elgin, to the location of the drug transaction. According to Tucker, the distance measured 705 feet. Using People's exhibit No. 2, an aerial photograph of the area, Tucker identified the location of the Emmanuel Baptist Church and the location of the drug transaction. Tucker identified People's exhibit Nos. 3, 5, 6, 7, 8, and 10 as photographs of the building located at 500 St. Charles Street. He identified People's exhibit No. 9 as the sign in front of the building, which reads: "Emmanuel Baptist Church, Sunday worship 11:00 a.m. and Sunday school 9:30." Finally, Tucker identified People's exhibit No. 4 as a photograph of the intersection of Bent and St. Charles Streets and stated that the photograph accurately depicted the intersection on January 7, 2009.

¶ 6     The trial court found defendant guilty of all three counts. Defendant filed a motion asking the court to reconsider its finding of guilty as to count I. Defendant argued that there was no evidence presented to establish that the building at issue was primarily used as a church. The court denied the motion. The court stated that it could reasonably infer from the photographs and the testimony that the building was in fact a church.

¶ 7     Following a sentencing hearing, the court merged counts II and III into count I and sentenced defendant to the minimum sentence of six years in prison. Defendant timely appealed.

¶ 8                                    II. ANALYSIS

¶ 9     Defendant argues only that the State did not prove beyond a reasonable doubt that there was a church within 1,000 feet of the site of the offense. We review claims of insufficient evidence to determine " 'whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " (Emphasis in original.) *People v. Collins*, 106 Ill. 2d 237, 261 (1985) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). A conviction will not be set aside unless the evidence is so improbable or unsatisfactory that it creates a reasonable doubt of the defendant's guilt. *Id.* "[I]t is not the function of this court to retry the defendant." *Id.* The trier of fact must assess the credibility of the witnesses and the weight of their testimony, resolve conflicts in the evidence, and draw reasonable inferences from that evidence, and this court will not substitute its judgment for that of the trier of fact on these matters. *People v. Ortiz*, 196 Ill. 2d 236, 259 (2001).

¶ 10    Section 401(c)(2) of the Illinois Controlled Substances Act (Act) (720 ILCS 570/401(c)(2) (West 2008)) makes it a crime to deliver 1 gram or more but less than 15 grams of any substance containing cocaine. A violation of section 401(c)(2) is a Class 1 felony, which is punishable by a term of imprisonment of not less than 4 years and not more than 15 years. 730 ILCS 5/5-8-1(a)(4) (West 2008). Section 407(b)(1) of the Act enhances a section 401(c) (720 ILCS 570/401(c) (West 2008)) offense to a Class X felony if the violation occurs "within 1,000 feet of the real property comprising any church, synagogue, or other building, structure, or place used primarily for religious worship." 720 ILCS

570/407(b)(1) (West 2008). A Class X felony is punishable by a term of imprisonment of not less than 6 years and not more than 30 years. 730 ILCS 5/5-8-1(a)(3) (West 2008).

¶ 11 The issue here is not simply whether the evidence established beyond a reasonable doubt that the building located at 500 St. Charles Street was a "church *** or other building *** used primarily for religious worship" (720 ILCS 570/407(b)(1) (West 2008)); rather, the issue is whether the evidence established beyond a reasonable doubt that the building was such a building *on the date of the offense*. We find that it did not. Tucker testified that he measured the distance from the drug transaction to the building located at 500 St. Charles Street. However, he did not testify to the date on which he conducted the measurement. In addition, there was no testimony presented to establish when the photographs of the building were taken. No witness testified that the photographs accurately represented the building as it appeared on the date of the offense. We have no way of knowing whether the Emmanuel Baptist Church existed on January 7, 2009. This is a fact that the State could have easily established by eliciting testimony from someone affiliated with the church. It failed to do so.

¶ 12 The cases relied on by the parties are not particularly instructive on this issue, because in each case the question was whether the building at issue, on *any* date, was a "church *** or other building *** used primarily for religious worship" (720 ILCS 570/407(b)(1) (West 2008)). See *People v. Foster*, 354 Ill. App. 3d 564, 568 (2004) (finding that "a rational trier of fact could have inferred New Hope Church was a church used primarily for religious worship based on its name"); *People v. Sparks*, 335 Ill. App. 3d 249, 256-57 (2002) (finding that, where the sole purpose of the Salvation Army chapel was to conduct regular worship service, the jury could have reasonably concluded that the chapel was a " 'church' "). There was no question raised in either case concerning whether the building operated as such on the date of the offense.

¶ 13 In light of the foregoing, we hold that the State failed to prove beyond a reasonable doubt that defendant delivered 1 gram or more but less than 15 grams of any substance containing cocaine within 1,000 feet of property comprising a church.

¶ 14 III. CONCLUSION

¶ 15 Accordingly, we reverse defendant's conviction of unlawful delivery of a controlled substance within 1,000 feet of a church. We thus restore and affirm defendant's conviction of unlawful delivery of a controlled substance (720 ILCS 570/401(c)(2) (West 2008)). We remand for sentencing on that conviction.

¶ 16 Affirmed in part and reversed in part; cause remanded.