# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *People v. Boykin*, 2013 IL App (1st) 112696

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RANDALL BOYKIN, Defendant-Appellant. |
| District & No. | First District, Second Division<br>Docket No. 1-11-2696 |
| Filed<br>Rehearing denied | November 12, 2013<br>December 12, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Defendant's conviction for unlawful delivery of a controlled substance within 1,000 feet of a school was reversed and the cause was remanded for the entry of a judgment affirming defendant's conviction for unlawful delivery of a controlled substance and resentencing on that conviction, since the evidence was insufficient to establish beyond a reasonable doubt that the building described by the officer who observed the offense as "Our Lady of Peace school" was a school on the date of the offense. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 09-CR-4288; the Hon. Kenneth J. Wadas, Judge, presiding. |
| Judgment | Reversed in part and affirmed as modified; cause remanded. |

| Counsel on Appeal | Michael J. Pelletier, Alan D. Goldberg, and Ginger Leigh Odom, all of State Appellate Defender's Office, of Chicago, for appellant. |
| | Anita M. Alvarez, State's Attorney, of Chicago (Alan J. Spellberg, Mary P. Needham, and Emily Czerniejewski, Assistant State's Attorneys, of counsel), for the People. |
| Panel | JUSTICE SIMON delivered the judgment of the court, with opinion. Presiding Justice Quinn and Justice Pierce concurred in the judgment and opinion. |

## OPINION

¶ 1   Following a bench trial, defendant, Randall Boykin, was found guilty of delivery of a controlled substance within 1,000 feet of a school under the Illinois Controlled Substances Act (Act) (720 ILCS 570/407(b)(2) (West 2008)), and was sentenced to two years of felony probation. On appeal, defendant does not challenge the sufficiency of the evidence to prove him guilty of delivery of a controlled substance under section 401(d) of the Act. Rather, he challenges only whether the State provided sufficient evidence to prove that the offense was committed within 1,000 feet of a school for purposes of enhancement under section 407(b)(2). Accordingly, he asks this court to reverse the enhanced Class 1 felony conviction and enter judgment on the unenhanced Class 2 felony conviction of delivery of a controlled substance. Because the only issue on appeal is whether defendant committed the offense within 1,000 feet of a school, we confine our factual summary to the evidence presented about that "school."

¶ 2   The evidence adduced at trial established that on December 11, 2008, defendant participated in the sale of cocaine to undercover police officer Jennifer Przybylo, who was sitting in an undercover police vehicle at the intersection of 79th Street and Jeffrey Boulevard in Chicago. Officer Przybylo testified that as she was sitting in the vehicle, she saw a school located on the northeast corner of that intersection. The school was approximately 100 feet from the vehicle, there was a sign posted, and the school's name was "Our Lady of Peace."

¶ 3   Officer Derrick Miller testified that at the time of the offense, he was working as a surveillance officer and was parked on Jeffrey Boulevard, just north of 79th Street. As he observed the offense, he was "sitting right next to a school, a Catholic school." He answered affirmatively when asked if that school was "Our Lady of Peace school" and stated that it was located approximately 100 feet from Officer Przybylo's vehicle.

¶ 4   After the close of evidence and argument, the trial court concluded that the officers' testimony was "highly credible" and found defendant guilty of delivery of a controlled

substance within 1,000 feet of a school.

¶ 5    On appeal, defendant challenges the sufficiency of the evidence to sustain his conviction, contending that the State failed to prove beyond a reasonable doubt that Our Lady of Peace was operating as a school at the time of the offense and that the officers' mere characterization of it as a "school" is not enough. The State responds that the witnesses' credible testimony that Our Lady of Peace was a "school" established that the offense took place within 1,000 feet of a school as required by the Act.

¶ 6    When a defendant challenges the sufficiency of the evidence in a criminal case, it is not the function of a reviewing court to retry the defendant. *People v. Collins*, 106 Ill. 2d 237, 261 (1985). Rather, the proper standard of review is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). A reviewing court will not substitute its judgment for that of the trier of fact on issues of the weight of evidence or credibility of witnesses. *People v. Phelps*, 211 Ill. 2d 1, 7 (2004). The State bears the burden of proving all essential elements of the charged offense beyond a reasonable doubt (*People v. Weinstein*, 35 Ill. 2d 467, 470 (1966)), and where the evidence is so unsatisfactory as to justify a reasonable doubt of the defendant's guilt, the reviewing court will reverse the conviction (*People v. Ehlert*, 211 Ill. 2d 192, 202 (2004)).

¶ 7    We initially note that, in claiming that the evidence was insufficient, defendant asserts that the State offered "incorrect, untrue and outdated evidence regarding the status of Our Lady of Peace as a school at the time of the offense" and asks us to take judicial notice of three newspaper articles, and a news release from the archdiocese of Chicago, which relate to the closing of Our Lady of Peace school in 1999. Accordingly, he asks us to conclude that Our Lady of Peace was not operating as a school at the time of the offense in 2008.

¶ 8    The State responds that taking judicial notice of such material is inappropriate because it is "critical evidentiary material [which was] not presented in the court below." The State further argues that, if we choose to take judicial notice of the articles regarding Our Lady of Peace's closing, we should also "accept that closed school buildings are often then occupied by other schools," citing three other newspaper articles regarding the lease or conversion of former school buildings–though not specifically relating to Our Lady of Peace–to house other schools. As such, the State contends that the articles about the school's closure "represent only a snapshot in time" and "do not establish that there was not a school in the Our Lady of Peace School building" at the time of the offense.

¶ 9    A reviewing court may take judicial notice of matters not previously presented to the trial court when the matters are capable of instant and unquestionable demonstration. *People v. Davis*, 65 Ill. 2d 157, 162-63 (1976). We will not, however, take judicial notice of critical evidentiary material that was not presented to and not considered by the fact finder during its deliberations. *People v. Barham*, 337 Ill. App. 3d 1121, 1129 (2003). Judicial notice cannot be extended to permit the introduction of new factual evidence not presented to the trial court. *Barham*, 337 Ill. App. 3d at 1129. As evidence of the school's closure is clearly critical material that was not presented to the fact finder, we decline to take judicial notice

of it. Nonetheless, we consider defendant's claim that the evidence presented to the trial court was insufficient to prove beyond a reasonable doubt that Our Lady of Peace was in operation as a school at the time of the offense.

¶ 10   Section 401(d) of the Act (720 ILCS 570/401(d) (West 2008)) provides that any person who knowingly delivers a Schedule I or II controlled substance, including cocaine (720 ILCS 570/206(b)(4) (West 2008)), is guilty of a Class 2 felony. Section 407(b)(2) of the Act enhances the classification of a section 401(d) offense to a Class 1 felony if the violation occurs "within 1,000 feet of the real property comprising any school." 720 ILCS 570/407(b)(2) (West 2008). Although the Act does not define what is a "school" (*People v. Goldstein*, 204 Ill. App. 3d 1041, 1045 (1990)), our supreme court has determined that the term's "settled meaning" is " 'any public or private elementary or secondary school, community college, college, or university' " (*People v. Young*, 2011 IL 111886, ¶ 13 (quoting *Goldstein*, 204 Ill. App. 3d at 1048); see also *People v. Owens*, 204 Ill. App. 3d 168, 171 (1992)).

¶ 11   In arguing that the evidence was insufficient to prove that Our Lady of Peace was an active school on the date of the offense, defendant relies on *People v. Ortiz*, 2012 IL App (2d) 101261, ¶ 11. In *Ortiz*, the State presented testimony from a police officer that the distance between a drug transaction and "Emmanuel Baptist Church" was less than 1,000 feet, but the officer did not testify to when he measured the distance. *Ortiz*, 2012 IL App (2d) 101261, ¶ 11. The State also presented photographs of the church, but presented no testimony as to when the photographs were taken. *Ortiz*, 2012 IL App (2d) 101261, ¶ 11. The *Ortiz* court found that the evidence was insufficient to show that the offense occurred within 1,000 feet of a church, reasoning that it had "no way of knowing whether Emmanuel Baptist Church existed" on the date of the drug transaction. *Ortiz*, 2012 IL App (2d) 101261, ¶ 11.

¶ 12   Similarly, in *People v. Cadena*, which was decided after the conclusion of briefing in this case, the Second District Appellate Court relied on *Ortiz* and reversed a defendant's convictions for delivery of a controlled substance within 1,000 feet of a church (720 ILCS 570/407(b)(1) (West 2008)). *People v. Cadena*, 2013 IL App (2d) 120285, ¶ 18. The court observed that the only evidence indicating that "Evangelical Covenant Church" was being used as a church on the dates of the three undercover drug transactions was a police officer's "affirmative response to the leading question, '[I]s that a church that is an active church?' " *Cadena*, 2013 IL App (2d) 120285, ¶ 16. The court determined, however, that the question had no "temporal context" and could have referred to the time of trial, rather than to the dates of the offenses. *Cadena*, 2013 IL App (2d) 120285, ¶ 16.

¶ 13   In holding the evidence insufficient, the *Cadena* court also relied on *People v. Morgan*, 301 Ill. App. 3d 1026, 1032 (1998), as an example of the evidence necessary to sustain a locality enhancement under the Act. There, the court held that a police officer's testimony was sufficient to establish the status of a park as a "public park," within the meaning of section 407(b)(1), where the officer demonstrated his personal knowledge of the park, testifying that he had made more than 100 arrests in the area. The officer also testified that the area in question was open to the public and contained playground equipment and at least one basketball court, and the defendant referred to the area as a park and admitted to playing basketball there. *Morgan*, 301 Ill. App. 3d at 1031-32.

-4-

¶ 14    The *Cadena* court determined that "*Morgan* requires more than the bare facts that the witness is a police officer with a certain number of years of service; it requires the demonstration and explanation of how the witness is familiar with the enhancing location (park, school, church, or the like)." *Cadena*, 2013 IL App (2d) 120285, ¶ 17. In *Cadena*, however, there was no evidence of how the testifying officer would have known that the church was active on the dates of the offenses. *Cadena*, 2013 IL App (2d) 120285, ¶ 18. The court thus concluded that, because the State failed to present evidence from anyone demonstrating personal knowledge as to whether the church was operating as such on the dates of the offenses, no rational trier of fact could have found the enhancement beyond a reasonable doubt. *Cadena*, 2013 IL App (2d) 120285, ¶ 18.

¶ 15    We find this case analogous to *Cadena*. In the trial court, Officers Przybylo and Miller testified that the drug transaction took place within 1,000 feet of a "school," but there was no evidence presented to show how those officers had personal knowledge of the operation of that building. The officers did not testify that they lived in the area or that they regularly patrolled the neighborhood, so as to allow an inference that they had personal knowledge as to whether the school was in operation on the date of the offense. *Cadena*, 2013 IL App (2d) 120285, ¶ 18. Further, there was even less evidence presented than in *Cadena*, as there were no questions asked at trial regarding whether Our Lady of Peace was an "active" school.

¶ 16    Moreover, the evidence presented in this case did not establish that the building's name included any signifier that would identify it as a school. See *People v. Foster*, 354 Ill. App. 3d 564, 568 (2004) (holding that the evidence was sufficient to show that a building called "New Hope Church" was a church used primarily for religious worship, where its name permitted an inference of its use). In this case, Officer Przybylo testified that she saw a sign posted and that the name of the school was "Our Lady of Peace." She did not, however, testify that the name was Our Lady of Peace "Academy" or "Elementary" or "School" or any other descriptor that could allow an inference as to its use. The only evidence that the building's name included the word "school" was Officer Miller's affirmative response to the leading question about whether he was referring to "Our Lady of Peace school." In such circumstances, we find the evidence insufficient to prove beyond a reasonable doubt that "Our Lady of Peace" was a school on the date of the offense. *Cadena*, 2013 IL App (2d) 120285, ¶ 18.

¶ 17    Accordingly, we reverse defendant's conviction for unlawful delivery of a controlled substance within 1,000 feet of a school (720 ILCS 570/407(b)(2) (West 2008)), and enter judgment affirming defendant's conviction for unlawful delivery of a controlled substance (720 ILCS 570/401(d) (West 2008)). We remand for resentencing on that conviction.

¶ 18    Reversed in part and affirmed as modified; cause remanded.