NOTICE

Decision filed 11/13/19. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2019 IL App (5th) 160388-U

NO. 5-16-0388

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Christian County. |
| | ) | |
| v. | ) | No. 14-CF-42 |
| | ) | |
| PAMELA L. MUFFICK, | ) | Honorable |
| | ) | Bradley T. Paisley, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE WELCH delivered the judgment of the court.
Justices Cates and Moore concurred in the judgment.

**ORDER**

¶ 1    *Held*: The evidence was insufficient to prove that the defendant committed the crime of aggravated participation in methamphetamine manufacturing where the State failed to present evidence that either the Free Evangelical Church and/or St. Mary's Catholic Church were being operated primarily as places of worship or parsonage on the date of the charged offense as required by section 15(b)(1)(H) of the Methamphetamine Control and Community Protection Act (720 ILCS 646/15(b)(1)(H) (West 2014)). Accordingly, the defendant's charge is hereby reduced to simple participation in methamphetamine manufacturing and the case is remanded for resentencing.

¶ 2    The defendant, Pamela Muffick, appeals her conviction for the offense of aggravated participation in methamphetamine manufacturing. On appeal, she argues that the State failed to prove beyond a reasonable doubt that on March 15, 2014, her residence

1

was within 1000 feet of an operating place of worship. For the reasons that follow, we reduce the defendant's aggravated participation in methamphetamine manufacturing conviction to simple participation in methamphetamine manufacturing, and remand for a new sentencing hearing on that conviction.

¶ 3                                    I. BACKGROUND

¶ 4    On March 15, 2014, the defendant was charged by information with one count of aggravated participation in methamphetamine manufacturing in violation of the Methamphetamine Control and Community Protection Act (Act) (720 ILCS 646/15(b)(1)(H) (West 2014)) where she knowingly participated in the manufacturing of a substance containing methamphetamine, and where the manufacturing occurred within 1000 feet of a church.

¶ 5    On June 22, 2016, a jury trial commenced in the circuit court of Christian County. At trial, the State produced the following evidence regarding the location of the offense in relation to the Evangelical Free Church (EFC) and St. Mary's Catholic Church (St. Mary's) and the nature of the operations at those locations at that time. First, Detective Evert Nation testified that the defendant's residence at 508 South Webster, where the offense occurred, was approximately 450 feet away from EFC. He further testified that there are, in fact, a total of four churches within 1000 feet of the residence, including St. Mary's and Nazarene church. Originally, he utilized Google Earth in measuring these distances.

¶ 6    In addition to the testimony of Detective Nation, Officer Jeffrey Brown testified to the following:

2

"Q. Okay. Did you ever do any measurements of the Defendant's house at 508 South Webster to see how far it was from any churches?

A. Yes, I did.

Q. And what, if anything, were you able to find out?

A. There are two churches in close proximity to the residence at 508 South Webster. Both of them are located at the intersection of Adams and Washington, one's on the northwest corner, one's on the southeast corner. Evangelical Free Church is on the northwest and the St. Mary's Catholic Church on the southeast. I used a measuring wheel to measure from the fence at the back of the property and then as best I could because I can't measure through objects, I measured the front doors of both churches.

Q. And what were those measurements?

A. The front—the back of the fence to the front door to the Evangelical Free Church was approximately 492 feet and from the back fence to the front door of the St. Mary's Catholic Church was 557 feet.

Q. And then you stated you used a measuring wheel?

A. Yes.

Q. Had you used one of those before?

A. Yes.

* * *

Q. Did you use, I guess, anything to check to make sure that was consistent with any of the measuring type of measuring as far as software or anything like that?

A. Yes. Before I actually measured it with a measuring wheel, I used the Google Earth program which allowed me to set a point which I used the back door of the residence at 508 South Webster and I took a straight line to the front of each churches [*sic*], both churches at those locations and measured using Google Earth.

Q. And those measurements, again, well within a thousand feet?

A. They were both under 500 feet."

The record indicates that no other evidence regarding the operations of either purported church was offered. The jury found the defendant guilty of aggravated participation in methamphetamine manufacturing and the trial court entered judgment on that finding. The defendant appeals.

¶ 7                                II. ANALYSIS

¶ 8    The defendant argues that the State failed to prove beyond a reasonable doubt that her residence was within 1000 feet of an operational place of worship or parsonage.

Therefore, she contends that her conviction for aggravated participation in methamphetamine manufacturing should be reduced to simple participation in methamphetamine manufacturing and that we should remand for resentencing. In response, the State argues that there was adequate evidence adduced at trial from which the jury could infer that either the EFC and/or St. Mary's were operating primarily as places of worship on the date of the offense.

¶ 9      When an appeal raises a question as to the sufficiency of the evidence, a reviewing court must determine whether, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Emphasis in original.) *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). "[I]t is not the function of a reviewing court to retry the defendant." *People v. Boykin*, 2013 IL App (1st) 112696, ¶ 6. We will not "substitute our judgment for that of the trier of fact on issues of the weight of the evidence presented or the credibility of the witnesses who testified." *People v. Fickes*, 2017 IL App (5th) 140300, ¶ 17. Therefore, we will only reverse a conviction if the evidence presented at trial was so unsatisfactory that a reasonable doubt of defendant's guilt is justified. *Id.*

¶ 10     At issue in this case is section 15(b)(1)(H) of the Act, which requires that "the methamphetamine manufacturing occurs within 1,000 feet of a place of worship or parsonage." 720 ILCS 646/15(b)(1)(H) (West 2014). In arguing that the State failed to meet its burden, the defendant relies on *Fickes*, where this court found that the evidence was insufficient to find defendant guilty of aggravated participation in methamphetamine manufacturing where the State failed to adduce sufficient evidence to render reasonable

4

the inference that St. James Lutheran Church was functioning primarily as a place of worship at the time of the offense. *Fickes*, 2017 IL App (5th) 140300, ¶ 27. In that case, the evidence presented was in response to a question from counsel asking for an exact description of where the offense occurred. *Id.* ¶ 6. A Vandalia police officer testified that " 'The address is 117 South Seventh Street. The St. James Lutheran Church out here on Gallatin, just south of that, behind that church 111 feet.' " *Id.* He further testified that he was aware of the distance because he had personally measured with a measuring wheel the distance from the front door of the residence to the back door of the church. *Id.* On cross-examination, he further testified that the residence was " 'pretty much right behind the St. James Lutheran Church.' " *Id.* He also stated that the church was on the same block as, and right behind, the courthouse. *Id.* He used the term "church" at least two additional times in his testimony. *Id.* The State also called a deputy who testified that the location he was dispatched to " 'was behind the church directly across from this building on Seventh Street.' " *Id.* ¶ 7. On review, this court found that this evidence was insufficient to prove the purported church was being operated primarily as a place of worship at the time of the offense. *Id.* ¶ 27.

¶ 11    In *People v. Cadena*, 2013 IL App (2d) 120285, the Second District similarly ruled that the evidence adduced at trial was insufficient to establish that the charged offense occurred within 1000 feet of a church in violation of section 407(b)(1) of the Illinois Controlled Substances Act (720 ILCS 570/407(b)(1) (West 2008)). *Cadena*, 2013 IL App (2d) 120285, ¶ 1. It found that "the only testimony indicating that the Evangelical Covenant Church was actually being used as such on the dates of the offenses was [an

officer's] affirmative response to the leading question, '[I]s that a church that is an active church?' " *Id.* ¶ 16. It further noted that the question also lacked temporal context. *Id.*

¶ 12    Alternatively, in *People v. Rodriguez*, 2014 IL App (2d) 130148, the Second District found that evidence that the shooting offense charged against defendant occurred within 1000 feet of a school in violation of section 24-1.2(b) of the Criminal Code (720 ILCS 5/24-1.2(b) (West 2010)) was sufficient where an officer testified that he had been serving as a general patrol officer for several years prior to the offense, identified the school on an exhibit, and testified that it was currently a school where he would see school children. *Rodriguez*, 2014 IL App (2d) 130148, ¶ 65.

¶ 13    Similarly, in *People v. Hardman*, 2017 IL 121453, our supreme court found that the evidence presented by the State that defendant possessed a controlled substance with intent to deliver within 1000 feet of a school in violation of section 407(b)(1) of the Controlled Substances Act (720 ILCS 570/407(b)(1) (West 2012)) was sufficient where two officers testified as to their familiarity with the area and referred to the purported location as a school. *Hardman*, 2017 IL 121453, ¶ 45. The court found that the evidence therefore made reasonable the inference that the building was operating as a school at the time of the offense. *Id.* In particular, the court noted that both officers had worked in the area for multiple years and both knew enough about the area to know that the name of the school had changed. *Id.* ¶ 44.

¶ 14    In *People v. Newton*, 2018 IL 122958, our supreme court ruled in a similar manner that there was sufficient evidence to prove that the charged offense occurred within 1000 feet of a church in violation of section 401(d)(i) of the Controlled Substances Act (720

ILCS 570/401(d)(i) (West 2014)) where a detective with personal knowledge and familiarity testified that the First Christian Church was operating as a church at all relevant times. *Newton*, 2018 IL 122958, ¶ 25. There was also evidence that there was signage with the name of the church, a cross and goblet on the building, a lit lantern, mowed grass, and people coming and going from the parking lot. *Id*.

¶ 15 The case before us now is extremely factually similar to *Fickes*. The testimony detailed above was the only evidence presented by the State that EFC or St. Mary's was being operated primarily as a place of worship at the time of the offense. As this court previously found in *Fickes*, two officers' testimony merely referencing a "church," without more, is not sufficient to establish that the purported church was operating as a place of worship at the time of the offense.

¶ 16 Additionally, though *Cadena* is not binding authority, we find it persuasive as it demonstrates that reference to an "active church," without more, is insufficient to establish the enhancement. We disagree with the State that *Newton* is determinative here as the statute at issue in that case specifically lists "church" in its plain language, whereas the Act before us now does not. Therefore, we decline to apply that case's reasoning here, and we find that the evidence presented against the defendant does not rise to the level of proof that was offered in both *Hardman* and *Rodriguez*.

¶ 17 Therefore, we find that the State failed to adduce sufficient evidence at trial to render reasonable the inference that either EFC or St. Mary's was operating as a place of worship on the date of the offense.

7

¶ 18    Finally, we note the error committed by the trial court in instructing the jury as to the elements of the offense as provided by statute.  As cited in the information, the defendant was charged with violating section 15(b)(1)(H) of the Act, which allows an enhancement from simple participation of manufacturing methamphetamine to aggravated participation when the offense occurs "within 1,000 feet of a place of worship or parsonage."  720 ILCS 646/15(b)(1)(H) (West 2014).  Precedent clearly establishes that the language utilized by the legislature in the statute at issue here (place of worship or parsonage) creates a higher burden than when the term "church" is expressly included in the statute's plain language.  See *Newton*, 2018 IL 122958, ¶ 17.  Therefore, the court misstated the law when it instructed the jury that "A person commits the offense of Aggravated Participation in Methamphetamine Manufacturing when *** the methamphetamine manufacturing occurs within 1,000 feet of a church."  The court lowered the State's burden in its instruction to the jury.  Though this error was not raised by the parties, and has no bearing on this appeal, we mention it to caution trial courts in the future to use the proper definition of the offense as provided by the legislature.

¶ 19                                III. CONCLUSION

¶ 20    For the foregoing reasons, we reduce the defendant's aggravated participation in methamphetamine manufacturing to simple participation in methamphetamine manufacturing, and remand for a new sentencing hearing on that conviction.


¶ 21    Conviction reduced; cause remanded.