**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2023 IL App (3d) 210378-U

Order filed May 22, 2023

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2023

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 14th Judicial Circuit, Henry County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) ) | Appeal No. 3-21-0378 Circuit No. 20-CF-352 |
| KYA R.E. KELLY, | ) ) | Honorable Terence M. Patton, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE HETTEL delivered the judgment of the court.
Justices McDade and Albrecht concurred in the judgment.

_____

**ORDER**

¶ 1    *Held*:  The evidence presented at trial was insufficient to sustain a conviction for failure to register as a sex offender.

¶ 2    Defendant, Kya R.E. Kelly, appeals from her conviction for failure to register as a sex offender. Defendant argues that: (1) the State failed to provide sufficient evidence to prove her guilty beyond a reasonable doubt, (2) the jury was not instructed on an essential element of the offense, and (3) she did not validly waive her right to a 12-person jury. We reverse defendant's conviction outright.

¶ 3                                    I. BACKGROUND

¶ 4            The State charged defendant with failure to register as a sex offender (730 ILCS 150/3(a)

(West 2020)). The information alleged that on or about May 20, 2020, defendant, "a sex offender

who lacks a fixed residence, knowingly failed to register, in accordance with the provisions of the

Sex Offender Registration Act [(Act)], with the Kewanee Police Department, Henry County,

Illinois, on a weekly basis as required under the *** Act, said defendant having previously violated

the *** Act in Henry County Case Number 19-CF-157." Counsel was appointed to represent

defendant.

¶ 5            The case proceeded to a six-person jury trial on May 5, 2021. Prior to the start of trial,

defendant filed motions *in limine* to exclude evidence of her prior convictions and bad acts.

Regarding defendant's prior conviction for a sex offense, the parties agreed to stipulate to the

following: "1. Defendant *** is a person who has been charged and convicted under Illinois law

of a sex offense. 2. Defendant *** is a sex offender as defined under the laws of the State of

Illinois." At the conclusion of the hearing, the court indicated that the trial would begin the next

morning at 9 a.m., and the case recessed for a short time before the beginning of *voir dire*. Six

jurors and one alternate were chosen. The next morning, defendant failed to appear. The trial

proceeded *in absentia*.

¶ 6            Officer Dalton Kuffel of the Kewanee Police Department testified that he was familiar with

defendant and identified a photograph of her. On August 11, 2019, Kuffel met with defendant at

the police department and completed the sex offender registration with her. The registration form

that defendant signed that day was admitted into evidence. Kuffel testified that in the process of

completing the registration, he read the contents of the form to defendant. The form indicated that

defendant was homeless and registered weekly. The second page of the registration form contained

the language: "I have read and/or had read to me the above requirements. It has been explained to me and I understand my duty to register next on or before 8-18 of 2019." Underneath this language, defendant signed the form. She affixed her signature in the presence of Kuffel. Kuffel explained that registrants review all the information on the form and any necessary changes are made. Once the form is complete, it is kept on file at the police department. A copy of the form was given to defendant before she left that day.

¶ 7    Officer Eric Hamilton of the Kewanee Police Department testified that he was familiar with defendant and identified a photograph of her. On May 20, 2020, he located defendant at the Rux Funeral Home in Kewanee. He indicated that he "made contact with her because [he] knew that she was in violation of her sex offender registration." Hamilton explained that he knew defendant was in violation because she "registers as homeless weekly. She has to register every week. And she failed to do so." He also indicated that the police department had received complaints about her staying at various addresses, several of which officers had attempted to verify. The State questioned Hamilton regarding his investigation into the date of defendant's last registration:

"Q. Once you had made contact with [defendant], did you confirm with dispatch or at the police department what her last registration date had been?

A. Yes.

Q. Okay.

And did you confirm whether there had been any registrations between that prior registration date and the 20th of May—

A. Yes.

Q.—2020?

3

A. Yes.

Q. Were there any between those?

A. No."

Hamilton explained that any such registrations would be kept on file at the police department. He did not disclose the date of defendant's last registration.

¶ 8        After Hamilton's testimony, the State rested. Defense counsel's motion for directed verdict was denied. Defendant presented no evidence. The jury returned a verdict of guilty, and a bench warrant was issued for defendant. Defendant was subsequently arrested on the warrant and sentenced to four years' imprisonment following a sentencing hearing. Defendant appeals.

¶ 9                                II. ANALYSIS

¶ 10       Defendant challenges the sufficiency of the evidence presented, the propriety of the jury instructions given regarding the essential elements of the charge, and the validity of defendant's waiver of her right to a 12-person jury. We begin by addressing the sufficiency of the evidence.

¶ 11       We review challenges to the sufficiency of the evidence to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *People v. Collins*, 106 Ill. 2d 237, 261 (1985). In making this determination, we review the evidence in the light most favorable to the State. *People v. Hardman*, 2017 IL 121453, ¶ 37. All reasonable inferences in favor of the State are allowed but unreasonable or speculative inferences are not permissible. *People v. Cunningham*, 212 Ill. 2d 274, 280 (2004). Where an element of the charged offense requires temporal context, generalized testimony without reference to a specific time or date is insufficient. *People v. Cadena*, 2013 IL App (2d) 120285, ¶ 16 (officer's testimony that a church " 'is an active church' " without any other reference to time or date failed to provide temporal context demonstrating that the building was an active church on the date of the offense

4

sufficient to support convictions for unlawful possession of a controlled substance within 1000 feet of a church). "A criminal conviction will not be set aside unless the evidence is so improbable or unsatisfactory that it creates a reasonable doubt of the defendant's guilt." *Collins*, 106 Ill. 2d at 261. "A conviction will be reversed where the evidence is so unreasonable, improbable, or unsatisfactory that there remains a reasonable doubt of defendant's guilt." *People v. Holliday*, 2019 IL App (3d) 160315, ¶ 10.

¶ 12    The State charged defendant with violating her duty to register as a sex offender where defendant, a sex offender who lacked a fixed residence, knowingly failed to register with the Kewanee Police Department on a weekly basis as required by the Act (730 ILCS 150/1 *et seq.* (West 2020)). The provision of the Act which governs the duty to register provides in relevant part that: "[a]ny person who lacks a fixed residence must report weekly, in person, *** with the chief of police in the municipality in which he or she is located." *Id.* § 3(a).

¶ 13    The parties disagree on what the State must prove to sustain a conviction for the offense of failure to register as a sex offender as charged. Defendant argues that violations of the Act can be charged in a variety of ways and the essential elements of those offenses depend on the specific allegations that have been made. Accordingly, defendant contends that the State must prove that defendant (1) was a sex offender, (2) lacked a fixed residence, (3) knowingly failed to register weekly, (4) was required to register with the Kewanee Police Department, and (5) failed to register on or about May 20, 2020. The State submits that to sustain a conviction, it must only prove that defendant was subject to registration requirements under the Act and knowingly failed to register.

¶ 14    The evidence presented at trial is insufficient to sustain defendant's conviction even under the State's proposed elements. Here, the State presented sufficient evidence to prove that defendant was required to register as a sex offender and that she knew she needed to register weekly.

5

However, the State presented no direct evidence about defendant's failure to register between August 11, 2019, and her May 20, 2020, arrest.

¶ 15    Kuffel testified that on August 11, 2019, defendant registered at the police department and signed the sex offender registration form. The form indicated that defendant was required to register weekly. Kuffel did not testify that August 11, 2019, was her last registration date. Hamilton testified that he knew defendant was in violation because she was required to register every week and had failed to do so. When asked if he had confirmed with dispatch or the police department what her last registration date had been, he simply responded, "Yes." Hamilton failed to provide the specific date of defendant's last registration. This exchange contains no temporal context. See *Cadena,* 2013 IL App (2d) 120285, ¶ 15. Based on Hamilton's testimony, defendant's last registration date could have occurred any time between her August 11, 2019, registration with Kuffel and her May 20, 2020, arrest. Accordingly, no inference can be drawn regarding her failure to register as required. Under this set of facts, the jury could only speculate that defendant's last registration date occurred more than one week prior to May 20, 2020.

¶ 16    Moreover, even if Hamilton's testimony could be taken to mean that defendant failed to register within a week of May 20, 2020, the evidence offered to establish how Hamilton knew this information was hearsay. See *People v. Gladney*, 2020 IL App (3d) 180087, ¶ 21 (officers may testify to out-of-court statements made to explain their actions but not to establish the truth of the matter). Hamilton testified that he learned defendant's last date of registration from "dispatch or at the police department." Hamilton failed to offer testimony demonstrating his investigation and personal knowledge of defendant's registration date outside of what was told to him by others. Such personal knowledge is easily established by testimony that he checked

6

defendant's file at the police department or searched for her last registration date in the Law Enforcement Agencies Data System. See *People v. Sweigart*, 2021 IL App (2d) 180543, ¶ 49.

¶ 17 Additionally, Hamilton's testimony that he "made contact with her because [he] knew that she was in violation of her sex offender registration" is conclusory. When asked how he knew she was in violation, Hamilton stated that defendant was required to register weekly and failed to do so. No explanation is given for Hamilton's familiarity with defendant's registration status. Without more explanation, these statements are insufficient to prove defendant's failure to register as required. See *Cadena*, 2013 IL App (2d) 120285, ¶ 17 (a witness's familiarity with the status of something requires an explanation of that witness's familiarity, more than the bare facts that the witness is a police officer with several years of service). Thus, the evidence presented is insufficient to prove defendant's guilt beyond a reasonable doubt. Accordingly, we reverse defendant's conviction outright. Since we reversed defendant's conviction, we need not reach defendant's remaining arguments.

¶ 18                                         III. CONCLUSION

¶ 19 For the foregoing reasons, we reverse defendant's conviction for failure to register as a sex offender.

¶ 20 Conviction reversed.

7